IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| MARIO HUMBERTO GUTIERREZ-MARTINEZ, | : : : | |
| Petitioner, | : : | |
| v. | : : | CASE NO. 4:08-CV-164-CLD-GMF |
| RAYMOND A. SIMONSE, | : : | 28 U.S.C. § 2241 Habeas Corpus Petition |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

On December 9, 2008, Petitioner Gutierrez-Martinez, who is currently incarcerated in the Stewart Detention Center, filed the current habeas corpus petition pursuant to 28 U.S.C. § 2241. (R-1).

On February 5, 2009, Respondents filed an Answer (R-10) accompanied by a Motion to Dismiss and a Memorandum in support of same (R-9), contending that the REAL ID act, 8 U.S.C. § 1252(a)(2), bars district court jurisdiction over habeas corpus petitions opposing deportation. Petitioner was notified of the pending motion to dismiss and filed his response on March 2, 2009. (R-14).

### FINDINGS OF FACT

1. Petitioner is currently detained by the Immigration and Custom Enforcement (ICE) at the Stewart Detention Center in Lumpkin, Georgia. (R-1).

2. On or about 1981, Petitioner first entered the United States without inspection as a minor child. (R-10-2). In 1988, an I-687 application for amnesty was submitted on his behalf. *Id*. On September 24, 1991, Petitioner was granted Temporary Resident Status. *Id*. In July of 1996, Petitioner filed an I-698 application to adjust from

Temporary Resident to Permanent Resident Status. *Id.* In 1997, Petitioner was informed of the Service's intent to terminate his Temporary Resident Status, a decision which Petitioner subsequently appealed. *Id.* In December 1997, the matter was re-opened and Petitioner was sent notice of the decision to terminate his Temporary Resident Status. *Id.* Petitioner was subsequently notified on or about February 5, 1998, that failure to appeal would result in final termination. *Id.* Petitioner never appealed said decision. *Id.*

3. On March 24, 1999, Petitioner was convicted of Theft of Property and Burglary of a Habitation in Hidalgo County, Texas and sentenced to a combined period of confinement of seven years. *Id.* On August 10, 1999, Petitioner was served an I-862 Notice to Appear alleging that Petitioner was an Aggravated Felon by virtue of his convictions for Theft and Burglary. *Id.* On December 7, 1999, Petitioner was ordered removed by Immigration Judge Eleazar Tovar. *Id.* That same date, Petitioner was removed to Mexico pursuant to a Warrant of Removal (I-205). *Id.*

4. At some point, Petitioner illegally re-entered the United States. On April 26, 2005, Petitioner was convicted of Driving While Intoxicated (DWI) in McAllen, Texas. *Id.* On May 2, 2006, Petitioner was arrested in Hidalgo, Texas, on a warrant for probation violations stemming from the DWI conviction. *Id.* On or about May 7, 2006, Petitioner admitted being a native and citizen of Mexico illegally in the United States during an interview with Border Patrol Agents. *Id.*

5. On June 28, 2006, Petitioner pled guilty to being in the U.S. after previous deportation in violation of 8 U.S.C. §§ 1326(a) and (b), for which he was sentenced to 33 months confinement by U.S. District Court Judge Randy Crane. *Id.*

6. In June of 2008, Petitioner filed an application for a copy of a Naturalization Certificate, which was subsequently denied by Citizenship and Immigration Services (CIS) because no record could be found of the Petitioner ever having been naturalized. *Id.* Petitioner replied with a letter of July 9, 2008, in which he claimed to have been naturalized by the Harlingen District Director E. M. Trominski between February and March of 1997. *Id.* A complete search of all CIS and former INS databases revealed no record of the subject ever naturalizing, deriving or acquiring United States Citizenship. *Id.*

7. On October 2, 2008, Petitioner was served Notice to Appear alleging his previous removal and his Theft and Burglary convictions. *Id.* Petitioner appeared in hearings before Immigration Judge William Cassidy in October, November, and December of

2008. *Id.* On December 8, 2008, Petitioner was ordered removed to Mexico by the Immigration Judge after Petitioner did not produce any evidence to support his statements that he was a United States citizen by naturalization. *Id.* On December 12, 2008, Petitioner appealed the decision of the Immigration Judge to the Board of Immigration Appeals (BIA). (R-13). On February 13, 2009, the BIA dismissed the appeal, resulting in the final matter. *Id.*

## LEGAL STANDARD

The standard for a Motion to Dismiss was recently altered by the United States Supreme Court case of *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), which overturned the fifty year old test of "no set of facts" established in *Conley v. Gibson*, 127 S. Ct. 1969 (1957). *Twombly*, 127 S. Ct. at 1969. The Court of Appeals for the Eleventh Circuit addressed the new standard in *Financial Sec. Assur., Inc. v. Stephens, Inc.*, stating:

> In order for a plaintiff to satisfy his "obligation to provide the grounds of entitlement to relief," he must allege more than "labels and conclusions"; his complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 167 L.Ed. 2d 929 (May 21, 2007) (citations and quotations omitted). Stated differently, the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief," 127 S.Ct. at 1966-67. Moreover, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of the claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir., Unit A Sept. 8, 1981)).

500 F.3d 1276, 1282-83 (11th Cir. 2007). In ruling on a motion to dismiss for failure to state a claim, the analysis "is limited primarily to the face of the complaint and attachments

3

thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1368 (11th Cir. 1997). The Court must "constru[e] the complaint in the light most favorable to the plaintiff and accept [] as true all facts which the plaintiff alleges." *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005). Nevertheless, if a complaint does not include sufficient factual allegations "to raise a right of relief above the speculative level" and "to raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claim or claims, then the complaint must be dismissed. *Watts v. Fla. Int'l Univ,* 495 F.3d 1289, 1295-96 (11th Cir. 2007) (citing *Twombly*, 127 S. Ct. at 1965).

## DISCUSSION

In his Application, the Petitioner argues that he is a United States Citizen by Naturalization and has been wrongfully subjected to removal proceedings by the Department of Homeland Security, Immigration and Custom Enforcement (ICE). (R-1). Petitioner, therefore, requests that his writ of habeas corpus be granted and that he be released. *Id*.

### Application of the Law

The REAL ID Act, 8 U.S.C. § 1252(a)(2) bars district court jurisdiction over habeas corpus petitions opposing deportation. The applicable provision states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) or 1227(a)(2)(A)(iii), (B), (C), or (D) of this title, or any offense

4

> covered by section 1227(a)(2)(A)(ii) of this title for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 1227(a)(2)(A)(i) of this title.

8 U.S.C. § 1252(a)(2)(C). In this case, Petitioner was deported after committing a disqualifying felony and subsequently pled guilty to illegal re-entry. The IJ has determined as a matter of fact that Petitioner has not become a citizen, and a final order of removal has issued. Pursuant to REAL ID Act, 8 U.S.C. § 1252(a)(2), this Court does not have jurisdiction over the instant habeas petition.

An exception provision provides:

> Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

8 U.S.C. § 1252(a)(2)(D). Petitioner presents only a factual issue, arguing that he obtained citizenship; however, as noted above, this factual issue was decided adversely to Petitioner. Because Petitioner has not raised a constitutional claim or question of law, a court of appeals would also have no jurisdiction to review Petitioner's claim based on the aforementioned exception.

Accordingly, it is found that Petitioner has failed to state a claim upon which relief may be granted.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for Writ of Habeas Corpus be DISMISSED. Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve

and file written objections to this RECOMMENDATION with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 9th day of March, 2009.

                                                   S/ G. MALLON FAIRCLOTH
                                                   UNITED STATES MAGISTRATE JUDGE

lml